**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNIVALOR TRUST, SA, *et al.*,** | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION NO. 15-00414-N** |
| | **)** | |
| **COLUMBIA PETROLEUM, LLC, *et al.*,** | **)** | |
| **Defendants.** | **)** | |

**ORDER**

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] The Plaintiffs initiated this action by filing a Complaint (Doc. 1) with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction.[2] *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over her case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity,

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

[2] The Plaintiffs have brought this action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. However, it is well established that this Act is not an independent basis for subject matter jurisdiction. *See, e.g.*, *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) ("[T]he Declaratory Judgment Act does not extend the jurisdiction of the federal courts." (quotation marks omitted)).

> must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[3]

The Plaintiffs have alleged sufficient facts demonstrating their own citizenship, as each Plaintiff, a "foreign corporate entity," has alleged "every State and foreign state by which it has been incorporated and of the State or foreign state

[3] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

where it has its principal place of business…" 28 U.S.C. § 1332(c)(1); (Doc. 1 at 2 – 3, ¶ 4 – 5). As such, for purposes of diversity jurisdiction, Plaintiff Univalor Trust, SA is deemed a citizen of Switzerland,[4] and Plaintiff Forvest Financial Services Corporation is deemed a citizen of Canada.

The Plaintiffs have also alleged that the natural person Defendant, Chester F. English, III, is a "citizen" of New Jersey (Doc. 1 at 4, ¶ 11) and have thus alleged sufficient facts to establish his citizenship. *See, e.g.*, *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("**Citizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." (emphasis added)).5

However, the Plaintiffs have failed to allege facts showing the citizenships of the five limited liability company (LLC) Defendants. The Plaintiffs have treated the LLC Defendants like corporations for purposes of diversity, alleging the states in which they were formed and where their principal places of business are located. This is not acceptable, however. The general rule for diversity is "that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (per curiam) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). For purposes of assessing diversity of citizenship, "a limited liability company is a citizen

[4] *See generally Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772 (9th Cir. 1992) (treating a Swiss S.A. as a "corporation" for purposes of diversity).

[5] The Plaintiffs have also alleged that § 1332(a)'s minimum amount in controversy is satisfied (*see* Doc. 1 at 2, ¶ 2), and nothing in the Complaint gives the Court reason to doubt that it is.

of any state of which a member of the company is a citizen." *Id.* at 1022. *Accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Therefore, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company . . ." *Rolling Greens*, 374 F.3d at 1022. This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984)). Accordingly, the Plaintiffs hereby **ORDERED** to file and serve, no later than **Monday, August 31, 2015**, an amended complaint that sufficiently alleges the citizenships of the LLC Defendants for purposes of diversity under § 1332(a). The failure to timely do so may result in the dismissal of this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."). The amended complaint, if filed, shall become the operative complaint in this action.[6] Federal Rule of Civil Procedure 15(a)(3) shall govern the time for responsive pleadings to the amended complaint.

Additionally, the Plaintiffs have not filed disclosure statement in accordance with S.D. Ala. CivLR 7.1[7] and (for "nongovernmental corporate" parties) Federal Rule of Civil Procedure 7.1. The Plaintiffs are **ORDERED** to do so no later than **Monday, August 31, 2015**.

**DONE** and **ORDERED** this the 17**th** day of August 2015.[8]

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

[7] http://www.alsd.uscourts.gov/court-info/local-rules-and-orders

[8] Under S.D. Ala. GenLR 73(c), this civil action has been randomly assigned to the undersigned Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c). The Clerk of Court is **DIRECTED** to enter the Court's standard Notice of Assignment of Case to a Magistrate Judge for Trial.