IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNIVALOR TRUST, SA, *et al.*,   ) | |
|     Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 15-00414-N |
| ) | |
| COLUMBIA PETROLEUM, LLC,   ) | |
| *et al.*,   ) | |
|     Defendants.   ) | |

## **AMENED ORDER**[1]

This action is before the Court on the Plaintiffs' amended motion to file under seal (Doc. 4), filed under S.D. Ala. GenLR 5.2. The Plaintiffs' seek to file under seal (presumably as an attachment to their recently-filed Complaint (Doc. 1)) a copy of the settlement agreement that is the basis for this declaratory judgment action. As grounds, the Plaintiffs state that the settlement agreement contains confidentiality provisions and that some but not all parties have agreed to waive these provisions.

> The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents. The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question…[T]he common-law right of access requires a balancing of competing interests.

---

[1] This order is substituted for the Court's previous order denying the amended motion to file under seal (Doc. 7), which is **VACATED**. The Court notes that only the last sentence of the second-to-last paragraph has been amended.

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam) (citations and quotation omitted). The Eleventh Circuit has held that while "material filed with discovery motions is not subject to the common-law right of access,…discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right…" *Id.* at 1312. Here, the settlement agreement that the Plaintiffs wish to file under seal goes to the merits of this entire case. Indeed, it is the *raison d'être* for this action. (*See* Doc. 1 at 10 – 11 ("Plaintiffs respectfully request this Court enter an Order declaring that Defendants entered into a valid binding settlement agreement with Plaintiffs[ and ]request the Court Order the Defendants to comply with the terms of the settlement agreement…")). The Court is not presently convinced that the confidentiality provisions of the settlement agreement override the common-law right of access in this action. *Cf. Suell v. United States*, 32 F. Supp. 3d 1190, 1192 & n.1 (S.D. Ala. 2014) (Steele, C.J.) ("The mere existence of a protective order does not automatically override the public's right of access; instead, the party seeking to maintain secrecy 'must establish good cause for continued protection under Rule 26.' *Chicago Tribune,* 263 F.3d at 1313. This is especially so when the protective order (as in *Chicago Tribune* ) was agreed, since in such a case there has been no prior judicial determination of good cause…Courts routinely recognize that the existence of a protective order does not answer the question whether documents subject to a constitutional or common-law right of access may be sealed. *E.g.*, *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Kamakana v.*

*City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).").

The Court also notes that the filing of the settlement agreement is unnecessary at this stage of the litigation.  While a written instrument may be attached to a pleading as an exhibit, *see* Fed. R. Civ. P. 10(c), nothing in the Federal Rules of Civil Procedure requires the attachment of the agreement to the Complaint.  Moreover, a review of the Complaint indicates that specific provisions of the agreement are not at issue.  Rather, it appears that the Defendants have simply repudiated and refused to acknowledge the settlement agreement in its entirety.[2]  Accordingly, rather than order that the settlement agreement provisionally filed under seal (Doc. 3) be unsealed, the Court will order that it be stricken.  *See* Fed. R. Civ. P. 12(f).  The Plaintiffs are free to again request leave to file the settlement agreement under seal, should they desire, provided they show sufficient reason for doing so.  Alternatively, the Plaintiffs may re-file the settlement agreement as an <u>unsealed</u> exhibit to the amended complaint that they have been ordered to file by separate Order (Doc. 6).

Because the Plaintiffs have failed to show good cause at this stage to justify filing and maintaining the settlement agreement under seal, it is **ORDERED** that their amended motion to file under seal (Doc. 4) is **DENIED**[3] and that the

---

[2] Moreover, all parties to the agreement who are not accused of repudiating it have waived the confidentiality provisions.

[3] The Plaintiffs' initial motion to file under seal (Doc. 2) is **MOOT** due to the filing of the

3

settlement agreement provisionally filed under seal (Doc. 3) is **STRICKEN from the record**.

**DONE** and **ORDERED** this the 17th day of August 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

amended motion.