**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNIVALOR TRUST, SA, *et al.,*                )<br>        **Plaintiffs,**                                )<br>                                                      )<br>**v.**                                                    )<br>                                                      )<br>COLUMBIA PETROLEUM, LLC, *et al.,*   )<br>        **Defendants.**                            ) | **CIVIL ACTION: 15-00414-KD-C** |

**ORDER**

This matter is before the Court on "Defendants' Motion to Amend Answer and Counterclaim" (Doc. 104), Plaintiffs' Response (Doc. 112), and Defendants' Reply (Doc. 114).

**I.    Background**

On August 13, 2015, Plaintiffs Univalor Trust, SA and Forvest Financial Services Corp. (Plaintiffs) initiated this federal diversity subject matter jurisdiction action against Defendants Columbia Petroleum, LLC, Columbia International, LLC, Alabama Energy Holdings II, Benjamin Energy Holdings II, LLC, Occidental Energy Partners, Inc. and Chester F. English, III (Defendants).    (Doc. 1).    Specifically, Plaintiffs filed a $2.5 million action seeking entry of a declaratory judgment against the Defendants concerning the enforceability of a settlement agreement and asserting claims for breach of contract and contract enforcement of the settlement agreement.    (Doc. 91 (as amended)).

In contrast, Defendants assert that no settlement agreement was ever reached as there was no meeting of the minds -- *i.e.*, there is nothing to enforce.    Defendants assert that:

> Plaintiffs[] loaned Livingston Investments II, LLC, a company that Chester English had an ownership interest in, $2.2 million dollars in late 2007…In late 2009, that note was in default….Plaintiffs and English originally agreed that another English related company, Columbia Petroleum, LLC, would put up 75% of certain oil well assets it held as security

1

for that note….The wells would be drilled by Columbia and Plaintiffs would be repaid by the sale of the oil recovered. Plaintiffs later changed their minds and decided that the vehicle for this arrangement would be for Columbia to convey its oil well assets to a Canadian company of Plaintiffs' choosing, Parkland Energy Services, Inc., which Plaintiffs had found through one of its Directors, Roy Murad…Murad is a convicted felon and a con man and Plaintiffs failed to conduct adequate due diligence before naming him as a Director….

Murad and David Wollach (Chairman of the Univalor board of directors), on behalf of Plaintiffs, told English and Columbia that a company Murad owned had raised between $5 million and $8 million dollars in funding for Parkland to drill Columbia's offset wells…This was a lie. In reliance on that lie, and to fulfill its agreement with Plaintiffs, Columbia tendered those oil and gas interests (reserving 25%) to Parkland in May of 2010….Parkland in turn, issued a debenture for the amount of Defendants' debt in favor of Murad's company, Link, as trustee for Plaintiffs and Plaintiffs accepted that debenture…Defendants also paid an additional $547,000 to the Plaintiffs in 2011 and Columbia's debt to Plaintiffs was extinguished…

As both sides now agree, Parkland illegally transferred those pledged assets to Rick Fletcher and his company, Fletcher Petroleum Corp., and thus Parkland had no way to re-pay the debt owed to Plaintiffs…In an effort to recoup their loss, Plaintiffs sued their now former director, Murad, in Canada (along with his lawyers) for the amount of the original debt, along with interest and attorney's fees, and also turned to Fletcher for repayment…Fletcher, however, proved wilier than Plaintiffs thought and, in an effort to bring him to the table, Plaintiffs sought English's involvement…

Settlement discussions ensued. Plaintiffs claim that there is a final agreement. Defendants claim that there is not. Plaintiffs claim there is an enforceable settlement agreement…a key element is to whether or not Defendants proffered adequate consideration for Defendants to enter into such agreement. The only way to do that is to start from the original loan in November of 2007 and work forward through the common core of operative facts….

(Doc. 114 at 1-3 (footnotes omitted)).

On March 10, 2016, Defendants answered Plaintiffs' Fourth Amended Complaint (Doc. 91) and asserted counterclaims for tortious interference with contract/fraud (Count 1), coercion/fraud (Count 2), civil conspiracy (Count 3) and negligence (Count 4). (Doc. 95). On March 28, 2016, Plaintiffs moved to dismiss Defendants' counterclaims. (Doc. 99). In

response, on April 15, 2016, Defendants timely[1] moved to amend their answer/counterclaims, proposing 12 counterclaims: tortious interference (Count 1), intentional misrepresentation (Count 2), reckless misrepresentation (Count 3), innocent misrepresentation (Count 4), civil conspiracy (Count 5), negligence (Count 6), wantonness (Count 7), unjust enrichment (Count 8), accounting (Count 9), breach of contract (Count 10), conversion (Count 11) and breach of fiduciary duty (Count 12). (Doc. 104). Also on April 15th, Defendants responded to Plaintiffs' motion to dismiss (Doc. 105), stating the dismissal contentions are moot as the proposed amended answer/counterclaims supersede their prior answer/counterclaims.

## II. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure governs requests for leave to amend and leave should be freely given except in the presence of countervailing factors such as undue prejudice to the opposing party and futility of the amendment. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007).[2] While cases addressing a proposed amended answer are sparse, this Court has derived guidance from analogous authorities relating to amended complaints. See, e.g., Bartronics, 245 F.R.D. at 535 (citing Arista Records, Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 419 (D.N.J. 2005) (stating that "[t]he same standard applies to motions for leave to amend both complaints and answers[]"). Additionally, in Foman, the Supreme Court explained that leave should be given "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper

---

1 Any amendments to pleadings were due by April 15, 2016. (Doc. 100).

2 Such factors include: 1) undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; 2) whether allowing an amendment would cause undue prejudice to the opposing party; and 3) whether an amendment would be futile. Foman, 371 U.S. at 182.

subject for relief." <u>Foman</u>, 371 U.S. at 182.   Therefore, "there must be a substantial reason to deny a motion to amend." <u>Laurie v. Ala. Ct. of Crim.App.</u>, 256 F.3d 1266, 1274 (11th Cir. 2001).   Overall the <u>Federal Rules</u> favor allowing amendments.   <u>Dussouy v. Gulf Coast Invest. Co.</u>, 660 F.2d 594, 597 (5th Cir. 1981) (finding that "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading[]").   Also, "[t]his Circuit has accepted a policy of liberal amendment." <u>U.S. for Use and Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.</u>   831 F.2d 978, 983 (11th Cir. 1987) (citing <u>Longhan v. Firestone Tire & Rubber Co.</u>, 749 F.2d 1519 (11th Cir. 1985) and <u>Dussouy</u>, 660 F.2d 594).

Regarding futility, leave to amend may be denied "when such amendment would be futile." <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1263 (11th Cir. 2004).   Per <u>Garrett Inv., LLC v. SE Property Holdings, LLC</u>, 2013 WL 1191237, *2 (S.D. Ala. Mar. 22, 2013):

> …..deciding whether a motion for leave to amend an answer to assert a counterclaim is futile requires the same analysis as deciding whether a motion to amend a complaint is futile...Generally, a "district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."…Thus….counterclaim "must be dismissed if it fails to state a claim upon which relief could be granted."…To decide whether the counterclaim "states a claim for relief, the reviewing court must 'accept[ ] the factual allegations in the complaint as true and construe [ ] them in the light most favorable to the plaintiff' *Id*. (citation omitted). Thus, the counterclaim must " 'state a claim for relief that is plausible on its face.'"   *Id.* quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570…(2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678…(2009). However, the counterclaim "need not include detailed factual allegations, but it must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* quoting *Twombly*, 550 U.S. at 555…

<u>See also</u> e.g., <u>New York Life Ins. Co. v. Gant</u>, 57 F.Supp.3d 1401, 1409-1410 (M.D. Ga. Oct. 28, 2014).   As stated in <u>Federal Home Loan Corp. v. Brooks</u>, 2014 WL 5410236, *1 (N.D. Ala.

Oct. 23, 2014):

> …the Federal Rules…require only that a complaint (or counterclaim) provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)….The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555….Ultimately, the well-pleaded complaint must present a reasonable inference from the facts it alleges that show a defendant is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir.2012). To survive…the allegations of Plaintiffs'…amended counterclaim must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1949.

As explained in <u>Omniplex Word Servs. Corp. v. Alpha Protection Servs. Inc.</u>, 2010 WL 3824067, *3 (M.D. Ga. Sept. 21, 2010):

> …Under the Federal Rules, a properly plead complaint or counterclaim need only present a short and plain statement of entitlement to relief "that will give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47…(1957); Fed.R.Civ.P. 8(a)(2). As such, "a [counterclaim] should not be dismissed for failure to state a claim unless it appears beyond doubt that the [counterclaim-plaintiff] can prove no set of facts in support of its claim." *Conley*, 355 U.S. at 45–46. Moreover, when considering a motion to dismiss, this Court must accept the well-pled facts in the counterclaim as true and construe them in the light most favorable to the counterclaim-plaintiff. *See Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir.1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a [counterclaim] must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir.1995).

Additonally, as enunciated in <u>Bartronics</u>, 245 F.R.D. at 534-535 (footnote omitted):

> …Rule 15(a), Fed.R.Civ.P….provides that leave to amend pleadings "shall be freely given when justice so requires."…denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. [ ]

> Plaintiff's objections…proceed exclusively on a futility theory….Cases in this Circuit applying the futility test to a new defense in a proposed amended answer are few and far between…the Court derives guidance from analogous authorities relating to amended complaints. *See Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 419 (D.N.J.2005) ("The same standard applies to motions for leave to amend both complaints and answers."). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822–23 (11th Cir.1999). Translating that standard to the amended answer context, a

finding of futility is, in effect, a legal conclusion that the proposed defense [or claim] would necessarily fail….

And per Gulf Coast Mineral, LLC v. Tryall Omega, Inc., 2016 WL 344960, *1 (M.D. Ala. Jan. 27, 2016):

> "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. (citation and internal quotation marks omitted).

Further, Rule 13(a) of the Federal Rules governs compulsory counterclaims and provides that "[a] pleading must state as a counterclaim any claim that -- at the time of its service -- the pleader has against an opposing party if the claim[]...arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[]...and does not require adding another party over whom the court cannot acquire jurisdiction." Fed.R.Civ.P 13(a)(1)(A)-(B). See, e.g., Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 (11th Cir. 1998). The primary purpose of Rule 13 "is to avoid circuity of actions and to enable the court to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims that arose from a single transaction or occurrence." Grow Group, Inc. v. Industrial Corrosion Control, Inc., 601 So.2d 934, 936 (Ala. 1992). To effect the purpose of Rule 13, the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in any other action. See e.g., Owens v. Blue Tee Corp., 177 F.R.D. 673, 682 (M.D. Ala. 1998); Brooks v. Peoples Nat'l Bank of Huntsville, 414 So.2d 917, 920 (Ala. 1982). "Compulsory counterclaims which are not brought are 'thereafter barred.'" Nippon Credit

Bank, Ltd. v. Matthews, 291 F.3d 738, 755 (11th Cir. 2002), *abrogated on other grounds by*

Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249 (11th Cir. 2010).   This

means that where a party fails to plead a counterclaim, it is precluded from asserting that claim *in*

*other future litigation* (but not necessarily in the same litigation).   See, e.g., Cleckner v.

Republic Van & Storage Co., 556 F.2d 766, 769 n. 3 (5th Cir. 1977);[3] 6 CHARLES ALAN

WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE:

CIVIL 2D § 1417.   The objectives of Rule 13(a) are to provide complete relief to the parties in a

single suit, to promote judicial economy, and to avoid the inefficiencies of piecemeal litigation.

John Alden Life Ins. Co. v. Cavendes, 591 F. Supp. 362, 366 (S.D. Fla. 1984).

In the Eleventh Circuit, courts apply the logical relationship test to determine whether a

claim is compulsory.[4]   Republic Health Corp. v. Lifemark Hospitals of Fla., Inc., 755 F.2d 1453,

1454-1455 (11th Cir. 1985).   In King v. Hainje's, Inc., 2008 WL 3075756 (S.D. Ala. Jul. 22,

2008), this Court explained that:

> [a] counterclaim is compulsory if it "arises out of the same transaction or occurrence that
> is the subject matter of the opposing party's claim."....   The test the courts use to
> determine whether the claim and counterclaim arise from the same transaction or
> occurrence is the "logical relationship" test....a logical relationship exists when the "same
> operative facts serve as the basis of both claims or the aggregate core of facts upon which
> the claim rests activates additional legal rights, otherwise dormant."….

Id. at *2.   "[A]a counterclaim is logically related to the opposing party's claim where separate

trials on each…would involve a substantial duplication of effort and time…"   Goings v.

---

3  Decisions issued by the former Fifth Circuit rendered prior to October 1, 1981 are valid precedent in the
Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

4  Central Reserve Life Ins. Co. v. Kiefer, 211 F.R.D. 445, 448 (S.D. Ala. 2002) (footnote omitted). See
also Mississippi Valley Title Ins. Co. v. Hardy, 541 So.2d 1057, 1059-1060 (Ala. 1989) ("Where multiple claims
involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the
same basic controversy between the parties, fairness and considerations of convenience and of economy require that
the counterclaimant be permitted to maintain his cause of action. …[]").

Advanced Sys., Inc. of Suncoast, 2008 WL 4195889, *2 (M.D. Fla. Sept. 12, 2008).

A permissive counterclaim is a claim that is not compulsory, and "a pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Fed.R.Civ.P 13(b). See also Beltran v. Medcure, Inc., 2013 WL 3833208, *3 (M.D. Fla. Jul. 23, 2013). "A permissive counterclaim has its roots in a separate transaction or occurrence[]" than that which "is the subject matter of the opposing party's claim." Supreme Mfg., Co., Inc. v. U.S. Beverage, Inc., 2009 WL 1257149, *1 (M.D. Ala. May 5, 2009); Uter v. Peacock, 2005 WL 1614656, *3 (S.D. Ala. Jul. 7, 2005). "[T]he rules regarding permissive…counterclaims *on which the limitations period has expired when the claimant's cause of action accrued* may be stated as follows:….A permissive counterclaim is subject to the statute of limitations defense, and, therefore, allows no recovery." Romar Dev. Co., Inc. v. Gulf View Mgt. Corp., 644 So.2d 462, 473 (Ala. 1994) (emphasis in original). Specifically,

> …a defendant's permissive counterclaim may be brought, despite the expiration of the statute of limitations, "where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action." § 6-8-84, Ala.Code 1975; *Romar* at 644 So.2d 473 (Ala.Code 1975, § 6-8-84 applies only to permissive counterclaims). "Under this section, a counterclaim is not time-barred if it was a legally subsisting claim at the time the claimant's right of action accrued, even though it would have been untimely as judged from the date that the counterclaim was filed." *Turner v. Deutz-Allis Credit Corp.*, 544 So.2d 840, 844 (Ala.1988).

Uter, 2005 WL 1614656, *3.

## III.   Discussion

Defendants propose 12 amended counterclaims: tortious interference (Count 1), intentional misrepresentation (Count 2), reckless misrepresentation (Count 3), innocent misrepresentation (Count 4), civil conspiracy (Count 5), negligence (Count 6), wantonness (Count 7), unjust enrichment (Count 8), accounting (Count 9), breach of contract (Count 10),

conversion (Count 11) and breach of fiduciary duty (Count 12). Plaintiffs assert that the proposed counterclaims are permissive and are time-barred under the applicable statute of limitations, and moreover, are futile and thus subject to dismissal for failure to state a claim upon which relief may be granted. Defendants contend that their counterclaims are compulsory such that any statute of limitations are inapplicable and moreover, that they are not futile.

The Court finds the Defendants' proposed counterclaims are not compulsory because they do not arise from the same transaction or occurrence as the subject matter of the specific claims in Plaintiffs' Fourth Amended Complaint. (Doc. 91). Plaintiffs' declaratory judgment and contract claims stem from a settlement agreement that they assert Defendants agreed to in 2014, in settlement of a lawsuit filed by Plaintiff Univalor. Plaintiffs simply assert that Defendants breached that agreement (contract). Defendants' proposed counterclaims instead relate to allegations as to why they do not owe anything to Plaintiffs, thus there would have been no basis for them to enter into the settlement agreement. And contending that Plaintiffs owe them based on conduct occurring in September 2010 and earlier (2007 events/actions, a 2010 Acquisition Agreement, and so forth). These counterclaims may very well have been defenses to Plaintiff Univalor's 2014 lawsuit, or compulsory claims in that lawsuit, but they are not compulsory in this litigation *in which the only issue is whether the Defendants agreed to a settlement of Plaintiff Univalor's claims and then breached that agreement*.

However, Defendants' proposed counterclaims are permissive, but may be time-barred.

**Count 1**

Count 1 for tortious interference with business relations, as alleged, is based on interference that occurred in September 2014. Alabama's two-year statute of

limitations….applies to actions for….tortious interference with business relations."   Cagle v. Rubley, 2014 WL 5339314, *3 (M.D. Ala. Oct. 20, 2014).   Additionally, Plaintiffs do not oppose this amended counterclaim.   As such, Defendants' counterclaim is not time-barred and Defendants' motion is **GRANTED** as to this count.

**Counts 2-7 and 12**

Counts 2-7 and 12 -- intentional misrepresentation (Count 2), reckless misrepresentation (Count 3), innocent misrepresentation (Count 4), civil conspiracy (Count 5), negligence (Count 6), wantonness (Count 7), and breach of fiduciary duty (Count 12) – are time-barred under Alabama's two (2) year statute of limitations.   These Counts address facts and events that occurred prior to October 2010.   Specifically Defendants complain about actions taken and statements made by Plaintiffs' agent Murad and Parkland's agent Fletcher.   Those state law claims are subject to Alabama's two (2) year statute of limitations per Ala. Code § 6-2-38(l) ("[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years[]").

Specifically, for Count 6, "Alabama's two-year statute of limitations…applies to actions for negligence…."   Cagle, 2014 WL 5339314, *3.   For Counts 2-4 and 7, "[a]n action alleging fraud is subject to a two-year statute of limitations[]" *Ex parte Am. Gen. Fin., Inc.,* 795 So.2d 685, 689 (Ala. 2000)[,]" and "under Alabama law, any action for an injury arising from claims of wantonness…must be brought within two years of the harmful act….*Travis v. Ziter*, 681 So.2d 1348, 1350 n. 1 (Ala.1996)…"   Summerlin v. Shellpoint Mortg. Servs., 2016 WL 778027, *11-12 (N.D. Ala. Feb. 29, 2016).   For Count 5, "a claim for civil conspiracy must be brought within two years of its accrual….*Boyce v. Cassese*, 941 So.2d 932, 944 (Ala.2006) (noting the

"two-year statute of limitations applicable to fraud and conspiracy actions").   Eaton v. Unum Group, 2015 WL 5306185, *4 (N.D. Ala. Sept. 10, 2015).   For Count 12, a breach of fiduciary duty claim is also subject to Alabama's two-year statute of limitations.   Bowhall v. Johnson & Johnson, Inc., 2010 WL 4000606, *3 (M.D. Ala. Sept. 22, 2010).   As such, Defendants' motion is **DENIED** as to Counts 2-7 and 12 because they are permissive and time-barred.

**Count 8**

For Count 8, these allegations relate to payments made by Columbia to Plaintiff Univalor starting in 2010 and concluding in August 2011.   At the outset, "there is a distinct absence of authority definitively stating the statute of limitations applicable to an unjust-enrichment claim." Snider v. Morgan, 113 So.3d 643, 655 (Ala. 2012) (citing Auburn University v. International Business Machines, Corp., 716 F.Supp.2d 1114 (M.D. Ala. 2010) (courts must look to the injury from which the claims arise and determine whether it could be classified as a tort or a contract injury).   If a tort, "a two-year statute of limitations governs that claim."   Eaton, 2015 WL 5306185, *5.   Otherwise, "the unjust enrichment theory is quasi-contractual….*White*, 454 F.Supp.2d at 1133 n. 24 (unjust enrichment is a legal fiction used to create an implied contract)[]…[and]…Alabama's six-year statute of limitations …[for]… breach of contract actions is applicable."   Shedd v. Wells Fargo Home Mortg., Inc., 2014 WL 6451245, *6 and note 4 (S.D. Ala. Nov. 17, 2014).

Regardless however, the existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law.   See, e.g., Mantiply v. Mantiply, 951 So.2d 638, 654 (Ala. 2006); Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 20 (Ala. 1983).

"The doctrine of unjust enrichment…permit[s] the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another."   Flying J Fish Farm v. Peoples Bank of Greensboro, 612 So.3d 1185, 1193 (Ala. 2008) (citations omitted).   See also McCaughey v. Bank of America, N.A., 279 Fed. Appx. 794, 797 (11th Cir. 2008) ( "[b]ecause an express contract was present, [the plaintiff] could not pursue equitable remedies" (discussing unjust enrichment in this context)).   Thus, unjust enrichment is an equitable remedy only to be invoked where there is no available remedy at law (e.g., no express contract).   See, e.g., Mantiply, 951 So.2d at 654; Teleprompter of Mobile, 428 So.2d at 20.

Upon review of Defendants' allegations and the proposed answer/counterclaims, Defendants plead the existence of an express contract (the Acquisition Agreement) from which Plaintiffs were unjustly enriched.   Defendants' unjust enrichment counterclaim is thus precluded, as there is an adequate remedy at law for damages under a breach of contract theory (which they also assert).   See generally Pearson's Pharmacy, Inc. v. Express Scripts, Inc., 505 F.Supp.2d 1272, 1278 (M.D. Ala. 2007).   See also e.g., Pearson's Pharmacy, 505 F.Supp.2d at 1278 (dismissing an unjust enrichment claim with prejudice because a party had an adequate remedy at law for damages under a theory of breach of contract); 1021018 Alberta Ltd. v. Netpaying, Inc., 2011 WL 1103635, *6 (M.D. Ala. Mar. 24, 2011) ("proof of an express contract between the parties to a contract defeats a claim for unjust enrichment[]").   As such, Defendants' motion to amend is **DENIED** as to Count 8 because this claim is precluded as a matter of law due to the existence of an express contract.

**Counts 10 and 11**

As for Counts 10 and 11 for breach of contract and conversion, these counts are based on

the claim that Plaintiffs agreed to have Parkland purchase Defendant Columbia's residuary interests but breached that agreement by failing to do so and failing to live up to the obligations of the 2010 Acquisition Agreement. This conduct is alleged to have occurred in January 2010. For Count 10, "[t]he statute of limitations for a claim based on a contract is six years. Ala. Code 1975, § 6-2-34(9). This six-year period begins to run when the contract is breached. *Stephens v. Creel*, 429 So.2d 278, 280 (Ala. 1983); *Lipscomb v. Tucker*, ….314 So. 2d 840, 850 (1975). *AC, Inc. v. Baker,* 622 So. 2d 331, 333 (Ala. 1993)."   Pennsylvania Natl. Mut. Cas. Ins. Co. v. Progressive Direct Ins. Co., 2015 WL 5719178, *8 (N.D. Ala. Sept. 30, 2015).   For Count 11, "a conversion claim under Alabama law…would be subject to a six-year statute of limitations. *See* 1975 Ala.Code § 6–2–34(3)."   Joe Hand Promotion, Inc. v. Koda, 2014 WL 7408215, *3 (M.D. Ala. Dec. 31, 2014).   See also Auburn Univ., 716 F. Supp.2d at 1117.   As such, Counts 10 and 11 appear permissive and are not time-barred because they were still viable claims when the Plaintiffs filed this suit in 2015.   See, *Turner v. Deutz-Allis Credit Corp*., 544 So.2d 840, 844 (Ala.1988)("[A] counterclaim is not time-barred if it was a legally subsisting claim at the time the claimant's right of action accrued, even though it would have been untimely as judged from the date that the counterclaim was filed.")

Plaintiffs also argue that the Defendants fail to state a claim for breach of contract by arguing that in spite of Defendants' allegations they were not parties to the Acquisition Agreement.   A disagreement of facts is not properly resolved in a futility analysis.   Thus Plaintiffs' objection to Count 10 is overruled and Defendants' motion to amend is **GRANTED** as to Count 10.

As to the conversion claim, the issue of whether oil and gas interests are subject to a

13

conversion claim has not been adequately briefed.    Thus, at this time the Court will allow the claim to proceed.    Defendants' motion to amend is **GRANTED** as to Count 11.

**Count 9**

Concerning Defendants' proposed counterclaim for accounting (Count 9), even if permissive, there does not appear to be an applicable statute of limitations[5] and Plaintiffs do not argue that this counterclaim is time barred.    Nevertheless, Defendants have indicated that the accounting claim is tied to the relief sought in Count 8 – unjust enrichment.    (Doc. 114 at 14). As previously stated, Defendants' remedies are under contract law, not equitable relief. Accordingly, Defendants' motion to amend is **DENIED** as to Count 9.

**IV.    Conclusion**

Upon consideration, it is **ORDERED** that Defendants' motion to amend (Doc. 104) is **GRANTED** as to Counts 1, 10 and 11 and otherwise **DENIED**.[6]

**DONE** and **ORDERED** this **21st** day of **June 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

5  Defendants did not specify which other counts the accounting counterclaim pertained to, which would typically then dictate the applicable statute of limitations.    See, e.g., Belcher v. Birmingham Trust Natl. Bank, 348 F.Supp. 61, 113 (N.D. Ala. 1968) (applying the statute of limitations of the underlying claim to the derivative claim for an accounting). In other words, there is no distinct "accounting" statute of limitations on its own.

6  Plaintiffs' motion to dismiss counterclaims asserted in Defendants March 10, 2016 answer (Doc. 99) is rendered **MOOT.**