IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNIVALOR TRUST, SA and FORVEST FINANCIAL SERVICES CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA PETROLEUM, LLC, COLUMBIA INTERNATIONAL, LLC, ALABAMA ENERGY HOLDINGS II, LLC, BENJAMIN ENERGY HOLDINGS II, LLC, OCCIDENTAL ENERGY PARTNERS, INC., and CHESTER F. ENGLISH, III,<br><br>Defendants/Counter-claimants<br><br>vs.<br><br>UNIVALOR TRUST, SA; FORVEST FINANCIAL SERVICES CORP.,<br><br>Plaintiffs/Counter-Defendants. | CIVIL ACTION NO. 15-414-KD-MU |

**PLAINTIFFS' OPPOSITION AND MOTION TO STRIKE BRADLEY ENERGY HOLDINGS, II LLC'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs/Counter-Defendants Univalor Trust, SA and Forvest Financial Services Corp. and respectfully submit their motion to strike and opposition to Bradley Energy Holdings II, LLC the motion for summary judgment as to the Complaint for Interpleader (Doc. 174).

I.      BACKGROUND AND PROCEDURAL HISTORY.

This matter was originally brought by Plaintiffs naming a number of Defendants. Although, Bradley Energy Holdings II, LLC ("Bradley") was not originally named as a Defendant. As set out in much greater detail in Plaintiffs' Memorandum Brief in Support of its Motion for Judgment, the Plaintiffs assert that a settlement was reached and that as consequence, working interest points in the following wells were to be placed in trust and ultimately paid to the Plaintiffs. Those wells are designated:

Bradley 15-5 No. 1 Well;

Bradley 25-12 No. 1 Well; and

Benjamin 26-4 No. 1 Well.

Pruet Production Company ("Pruet") submitted its Motion to Intervene and Complaint for Interpleader (Doc. 143) noting that Defendants Alabama Energy Holdings II, LLC ("Alabama Energy") and Benjamin Energy Holdings II, LLC ("Benjamin") were record title royalty owners and, thus, Pruet sought leave for the purpose of "being able to interplead the suspended royalty payments in this Court pending the final resolution of the claims of the parties to said suspended royalty payments." (Doc. 143 ¶ 6). Pruet also noted that Bradly was "not a party to this matter." (Doc. 143 ¶ 4.) Bradley moved to intervene on April 6, 2017 (Doc. 166) and was permitted to do so by this Court. This Court's order explicitly recognized the Plaintiffs contention that the settlement obligated the revenue from the wells named to be placed in trust. (Doc. 150).

The Motion for Summary Judgment submitted by Bradley asserts that it is entitled to "summary judgment in its favor on the issues raised in the Complaint for Interpleader filed by Pruet…" and was filed on April 21, 2017, after this Court's summary judgment deadline. Additionally, it is clear that Bradley wholly adopted the summary judgment motion and memorandum supplied by Defendants Alabama Energy and Benjamin and asserted no other

grounds or basis for its motion. Thus, the only arguments asserted by Bradley are those asserted through the adoption of the grounds cited by Alabama Energy and Benjamin.

## II.   ARGUMENT

### A.   THE COMPLAINT FOR INTERPLEADER IS NOT SUBJECT TO A MOTION FOR SUMMARY JUDGMENT.

Pruet's Motion to Intervene and Complaint for Interpleader very simply set forth that it was in possession of royalty payments attributable to the wells noted above and that it was prevented from distributing revenues "because of the competing claims of ownerships between the Plaintiffs and the noted Defendants and Bradley Energy Holdings II, LLC." (Doc. 143 ¶ 5). Pruet sought leave to intervene for the purpose of interpleading the disputed royalty payments "pending the final resolution of the claims of the parties to said suspended royalty payments." The parties have extensively briefed the issue of the settlement which was reached whereby these interests would be paid into a trust for the purpose of funding a settlement which had been reached in 2014. Pruet's Complaint for Interpleader did not assert an affirmative claim on behalf of any party but instead noted "prior efforts Pruet Production Company to resolve the ownership claims of each claimant have been unsuccessful, therefore, Pruet Production Company is unable to distribute the royalty payments attributable to the contested interest until this matter is resolved by this Honorable Court." (Doc. 143, Complaint for Interpleader ¶ 4). To be clear, the Intervention and Complaint for Interpleader filed by Pruet did not set forth an affirmative claim or defense, but instead noted a dispute which has been thoroughly described to this Court by and through many other pleadings. Pruet made no claim or contention as to the proper party to receive the funds interpled but instead sought only to interplead the funds and permit the court to decide the question of ownership of the funds.

3

Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment by "identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." FRCP R. 56(a). Bradley's motion for summary judgment (like that of Alabama Energy and Benjamin) seeks summary judgment on "the issues raised in the Complaint for Interpleader" without recognizing that the Complaint for Interpleader make no affirmative claim or contention other than to note the dispute which exists as to the proper ownership of these funds. Put another away, the Complaint for Interpleader sets forth no affirmative claim or cause of action by which this Court can grant summary judgment. The claims by Bradley as well as those of Benjamin and Alabama Energy are to be determined based on the resolution of the underlying issue in this case, the existence of a settlement and the obligation of to fund that settlement as agreed upon.

Read in light of the obligations of Rule 56, Bradley's summary judgment motion is a nullity. Quite simply, Bradley cannot obtain summary judgment on the Complaint for Interpleader where that Complaint does not set forth any cause of action but instead sought to simply deposit funds with the court. It is for this Court to determine through the resolution of the parties other summary judgment motions and arguments whether settlement was reached and whether the funds pledged by the settlement are to be paid as agreed upon.

**B.    BRADLEY SETS FORTH NO FACTS OR AUTHORITY IN SUPPORT OF THE REQUESTED RELIEF.**

Bradley wholly adopts the motion and memorandum in support of summary judgment filed by Defendants Alabama Energy and Benjamin. (Doc. 164). However, the submissions of Alabama and Benjamin make no reference whatsoever to Bradley's claimed interest nor do they supply any evidence in support of Bradley's contention that it is entitled to an Order disbursing funds that have been placed with the court by Pruet. The submissions of Alabama Energy and

Benjamin set forth no legal argument or citation to authority which would support this Court's entry of an order in favor of Bradley.  It should be noted that Alabama Energy and Benjamin similarly submit hopelessly flawed arguments asserting summary judgment as to the complaint for interpleader is appropriate.  Both Alabama Energy and Benjamin actually submitted two (2) motions for summary judgment.  This Court's ruling on the existence of a settlement which was binding on the Defendants wholly addresses the issue that is raised by the flawed effort to pursue summary judgment as to a Complaint for Interpleader which already recognizes an over-arching dispute as to the interpled funds.

The arguments purportedly adopted by Bradley simply do not speak to Bradley's interest nor legal right to the funds which have been interpled.  Setting aside the deeply flawed logic underlying the efforts of Alabama Energy and Benjamin, their submissions do not reach the question of Bradley's interests.  There is no citation to testimony or any other evidence which would permit this Court to somehow ignore the extensive submissions of the Plaintiffs as to the obligation to pay the funds deposited by Pruet to the Plaintiffs.

**C.    BRADLEY'S MOTION FOR SUMMARY JUDGMENT IS UNTIMELY.**

Separate and distinct from the arguments raised above, Bradley's summary judgment is due to be denied where it was untimely filed.  This Court's order obligated the parties to submit summary judgment well before April 21, 2017.  Thus, Bradley's arguments are due to be denied as untimely.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request this Court enter an Order denying or, alternatively striking Bradley's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Thomas E. Bazemore, III*
Thomas E. Bazemore, III
H. Cannon Lawley
Paul F. Malek
Attorneys for Plaintiffs
UNIVALOR TRUST, SA and FORVEST
FINANCIAL SERVICES CORP.

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
Telephone: (205) 251-1193
Telecopier: (205) 251-1256
E-mail: tbazemore@huielaw.com
cannon@huielaw.com
pmalek@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing document on all counsel of record, by electronic notice and/or by placing a copy of same in the United States Mail, postage paid on this the 5th day of May, 2017, as follows:

William M. Cunningham, Jr.
Peter S. Mackey
Burns, Cunningham & Mackey, P.C.
P.O. Box 1583
Mobile, Alabama  36633

*/s/Thomas E. Bazemore, III*
Of Counsel