# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNIVALOR TRUST, SA and FORVEST FINANCIAL SERVICES CORP., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 1:15-00414-KD-C<br>) |
| COLUMBIA PETROLEUM LLC, COLUMBIA INTERNATIONAL LLC, ALABAMA ENERGY HOLDINGS II LLC, BENJAMIN ENERGY HOLDINGS II LLC, OCCIDENTAL ENERGY PARTNERS, INC., and CHESTER F. ENGLISH III, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Counter-Claimants, | )<br>) |
| v. | )<br>) |
| UNIVALOR TRUST, SA and FORVEST FINANCIAL SERVICES CORP., | )<br>)<br>) |
| Plaintiffs/Counter-Defendants, | ) |
| PRUET PRODUCTION, CO., | )<br>) |
| Intervenor, | )<br>) |
| BRADLEY ENERGY HOLDINGS II, LLC., | )<br>)<br>) |
| Intervenor Defendant. | ) |

## ORDER

This action is before the Court on the Motions for Summary Judgment filed by Defendant Alabama Energy Holdings II, LLC, Defendant Benjamin Energy Holdings II, LLC, and Intervenor Defendant Bradley Energy Holdings II LLC, wherein these Defendants move for summary judgment on the issues raised in Pruet Production Company's Complaint for

Interpleader (docs. 163, 164, 174, 175);[1] Plaintiffs' response in opposition and motion to strike Bradley Energy's motion as untimely filed (doc. 183); and Defendants' objection and motion to strike Plaintiffs' response in opposition and motion to strike (doc. 187).

Upon consideration, and for the reasons set forth herein, Defendants' motions for summary judgment (docs. 163, 164, 174, 175) are **DENIED AT THIS TIME**. Plaintiffs' motion to strike Bradley Energy's motion for summary judgment as untimely filed (doc. 183) is **DENIED**, Defendants' motion to strike Plaintiffs' motion to strike (doc. 187) is **MOOT**, and Defendants' motion to strike Plaintiffs' response as untimely filed (doc. 187) is **GRANTED.**

I. Procedural and Factual Background

Defendants Alabama Energy, Benjamin Energy and Intervenor Defendant Bradley Energy own working interest points in three oil and gas wells operated by Pruet Production Company in Conecuh County, Alabama (docs. 164, 164-1, 166). Pruet distributed royalty payments generated by the percentage working interests in the producing wells to the Defendants.

In early 2015, Plaintiffs Univalor Trust, SA and Forvest Financial Services Corporation notified Pruet of their claim to certain royalty payments previously due to Defendants for the three wells (doc. 180-6).[2] Plaintiffs based their claim on the terms of the disputed Settlement

---

[1] Bradley Energy adopted the brief and memorandum filed by Defendants Alabama Energy and Benjamin Energy (doc. 164).

[2] "I am in receipt of your letter dated March 10, 2015 regarding the cancellation of certain assignments attributable to wells operated by Pruet Oil Company. I understand your position is that those conveyances were properly executed. If you could, would you please send me a copy of that Trust Agreement establishing the Parkland Settlement Trust. A copy of this instrument would go a long way in helping me determine the proper course of action for Pruet to take in regards to the interest of the parties involved." (Doc. 180-6, email from Pruet's counsel to Plaintiffs' counsel).

Agreement (doc. 164-2, Exhibit B, Settlement Agreement), which required Defendants to assign certain working interest points into a Trust for the benefit of Plaintiff Univalor, and the assignments made by the Defendants but subsequently cancelled. After notice of the disputed ownership, Pruet began to hold the royalty payments in suspense.

In August 2015, Plaintiffs filed a complaint in this Court against Defendants, seeking to enforce the Settlement Agreement. The complaint was last amended in February 2016 (doc. 91, Fourth Amended Complaint). In Count One, Plaintiffs assert that parties entered into a binding Settlement Agreement and request the "Court enter an Order declaring that Defendants entered into a valid binding settlement agreement with Plaintiffs that was not invalidated by Defendants' attempt at repudiation or rescission" (doc. 91, p. 13). In Count Two, Plaintiffs seek an Order for the "Defendants to immediately comply with all terms of the settlement agreement" and alternatively, "Plaintiffs demand judgment for breach of contract, holding Defendants separately and severally liable for the value of the settlement agreement, which is $2,500,000.00 plus interest and costs" (doc. 91, p. 16).

In November 2016, Pruet moved the Court for leave to intervene in this action to file a Complaint for Interpleader to interplead the suspended royalty payments and to interplead future royalty payments as they accrued, pending resolution of the claims (doc. 143). The Motion was granted (doc. 150). By the time of Pruett's first deposit to the Court, the royalties were as follows:

| | |
|---|---|
| Bradley 25-5 No. I Well (Alabama Energy) | $100,356.21 |
| Bradley 25-12 No. 1 Well (Bradley Energy) | $167,931.75 |
| Benjamin 26-4 No. I Well (Benjamin Energy) | $8,719.08. |

(Doc. 155).

Pruet deposited additional royalties in the amount of $1,521.96 from the Bradley 25-12 No. 1 Well and in the amount of $3,114.79 from the Bradley 25-5 No. I Well (docs. 176, 177).

Pruet did not separately docket its Complaint for Interpleader. Instead, the Complaint was included within the Motion (doc. 143, p. 2-5). In the complaint, Pruet alleges that it was unable to resolve the ownership claims and thus, without an adjudication of ownership of the royalty interests, it was unable to disburse the suspended royalty payments. Pruet alleges that it is a disinterested stakeholder, and therefore entitled to interplead the suspended royalty payments.

Defendants Alabama Energy and Benjamin Energy answered the Complaint. They denied that Plaintiffs have any legal ownership in the working interest points and denied that Plaintiffs are entitled to a distribution of the royalty payments (doc. 173). Defendants claim that they hold legal title to the working interests and therefore, entitled to the royalty payments. (Id.)

Defendant Bradley Energy moved to intervene and the motion was granted (docs. 166, 172). Bradley Energy denied that Univalor and Forvest had any legal ownership interest in the interplead funds and denied that they were entitled to any royalty payments (doc. 173, Answer). Bradley Energy asserts that it is the rightful, legal owner of the funds attributable to the Bradley 25-12 No. 1 Well. (Id.)

Defendants Alabama Energy, Bradley Energy, and Benjamin Energy have now filed their respective motions for summary judgment wherein they move for judgment as a matter of law that they hold legal title to their respective percentage interests in the Wells (docs. 163, 164, 174, 175). They seek an order granting judgment as a matter of law in their favor and directing the Clerk of Court to disburse their respective royalty payments interplead by Pruet. Defendants argue that because Plaintiffs have not asserted a proper claim for prejudgment seizure, they have no right to the royalty payments until they obtain a judgment against the Defendants.

Responses were due April 27, 2017 (doc. 169, doc. 172). Plaintiffs did not respond to Alabama Energy or Benjamin Energy's motions for summary judgment. However, on May 5, 2017, Plaintiffs filed their response in opposition and motion to strike Bradley Energy's motion for summary judgment (doc. 183). Plaintiffs argue that Bradley Energy's motion was untimely and therefore, due to be stricken. As to the merits, they argue that Bradley Energy's motion is due to be denied because the Complaint for Interpleader did not set out any affirmative claims or causes of action as to which the Court could grant summary judgment, but instead the Complaint only interplead the funds for the Court to determine ownership

Defendants filed their objection and motion to strike Plaintiffs' response (doc. 187) Defendants allege that the response was untimely filed without leave of court, and due to be stricken. Defendants also point out that Bradley Energy's motion for summary judgment was not untimely filed. As to the merits, Defendants argue that they have been deprived of the opportunity to file a reply because Plaintiffs did not timely file their responses.

II. Conclusions of Law

    A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for [their] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[] demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991) (bracketed text added) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party does not have

the burden of proof at trial, they may show that "there is an absence of evidence to support the nonmoving party's case." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (citations omitted). Alternatively, they may support their "motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

Overall, as to each motion for summary judgment, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) citing *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003). "[A]ll reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant." *Citizens Trust Bank v. Lett*, 2015 WL 4254561, at *1 (N.D.Ala. 2015). The Court is obligated to construe the record, including all evidence and factual inferences, in the light most favorable to the nonmoving party. *See Skop v. City of Atlanta,* 485 F.3d 1130, 1136 (11th Cir. 2007).

However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted). Also, "what is considered to be 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for

summary judgment purposes." *Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996).

B. <u>Analysis</u>

1. <u>Plaintiffs' motion to strike Defendant Bradley Energy's motion for summary judgment as untimely filed (doc. 183) and Defendants' motion to strike Plaintiffs' motion to strike as untimely filed (doc. 187)</u>.

Defendant Bradley Energy's motion for summary judgment was not untimely filed. On April 6, 2017, Bradley Energy filed a motion to intervene for the purpose of filing a motion for summary judgment. The motion and brief were attached (doc. 120, docs. 166, 166-2, doc. 166-3). On April 21, 2017, the motion to intervene was granted and the Court "deemed filed" Bradley Energy's motion and brief (doc. 172). In other words, the Court specifically allowed Bradley Energy's motion and brief to be filed on April 21, 2017. Therefore, the motion and brief were not untimely. Accordingly, Plaintiffs' motion to strike Defendant Bradley Energy's motion for summary judgment as untimely is DENIED.

Defendants move to strike Plaintiffs' motion to strike on basis that it too was untimely filed. Defendants point out that Plaintiffs filed their motion to strike on May 5, 2017, which was beyond the response deadline of April 27, 2017 as set forth in the summary judgment scheduling orders (docs. 169, 172). Since the Court has denied Plaintiffs' motion to strike, Defendants' motion to strike is MOOT.

2. <u>Plaintiffs' response in opposition to Defendant Bradley Energy's motion for summary judgment (doc. 183) and Defendants' motion to strike Plaintiffs' response in opposition as untimely filed (doc. 187)</u>.

In the motion to strike, Defendants argue that Plaintiffs' response is untimely filed, without leave of court. Defendants are correct. Previously, the Court granted Defendant Bradley

7

Energy's motion to intervene and allowed it to file a motion for summary judgment (doc. 172). In that order, the Court set the same briefing schedule as it had for Alabama Energy and Benjamin Energy's motions for summary judgment (doc. 172; doc. 169, scheduling order). Therefore, Plaintiffs' response was due April 27, 2017. However, the response in opposition was not filed until May 5, 2017, and Plaintiffs did not move for leave of Court to file out of time. Defendants did not file a reply, but instead filed a motion to strike Plaintiffs' untimely response.

Upon consideration, Defendants' motion to strike is GRANTED. Plaintiffs did not obtain leave of court to file a late response either before or after it was filed.

    3. <u>Defendants' motions for summary judgment</u>.

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund. It is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Reassure America Life Insurance Company v. Newton,* Civil Action No. 04-0597-WS-C (Doc. 19, n.2) (S.D.Ala. Jan. 1, 2005). The federal courts address two types of interpleader – rule interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and statutory interpleader pursuant to 28 U.S.C. § 1335. The Court has subject matter jurisdiction pursuant to both.

Pruet's motion for leave to intervene was based upon Rule 22 of the Federal Rules of Civil Procedure. The Rule provides that a person may intervene as a plaintiff when "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). In the Complaint, Pruet alleges that Plaintiffs and Defendants Alabama Energy, Benjamin Energy and Bradley Energy claim the same royalty payments. Thus, the elements are for rule interpleader are met.

The jurisdictional requirements of 28 U.S.C. § 1335 are also met. The statute states that the "district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any . . . corporation . . . having in … its custody or possession money or property of the value of $500 or more . . . , if

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) . . . of section 1332 of this title, are claiming or may claim to be entitled to such money or property, and if
>
> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, . . .

28 U.S.C. § 1335(a).

Pruet has deposited approximately $280,000.00 in royalty payments. Therefore, this element has been met. Also, there are "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a)" of 28 U.S.C. § 1332. *Id.* Claimant Univalor is a Swiss citizen and Plaintiff Forvest is a Canadian citizen. As such, they are diverse from claimants Alabama Energy and Benjamin Energy, which are citizens of Florida. Intervenor Defendant Bradley Energy alleged that it is a Florida limited liability company with its principal place of business in Florida. However, limited liability companies are citizens of any state of which any member is a citizen. *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F. 3d 1218, 1220-1221(11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of."). The state of formation and principal place of business are not relevant. However, even without a proper allegation of the citizenship of Bradley Energy, the Court has the required two or more adverse claimants. Therefore, the Court has jurisdiction.

In their motions for summary judgment, Defendants argue that they hold legal title to

their percentage working interests in the wells despite Plaintiffs' claims. Defendants argue that although Plaintiffs have filed a lawsuit alleging breach of the Settlement Agreement, they do not have a judgment and have not sought a prejudgment seizure of the interplead funds. Defendants assert that without a judgment or a prejudgment seizure, Plaintiffs have no present right to the interplead royalty payments or any future payments.

Defendants also argue that Pruet's obligation to pay the royalty payments to the Univalor Trust does not arise until there is a valid Settlement Agreement between Plaintiffs and Defendants and working interest points are transferred into the Univalor Trust (doc. 164, p. 5). Defendants argue that since there is no valid Settlement Agreement and no judgment, the Court should order the disbursement of the interplead funds to the Defendants and order Pruet to pay all future royalty payments to Defendants.

Pruet filed its Complaint in Interpleader because it was unable to determine the rightful recipient of the royalty payments and interplead the payments pending a final resolution by the Court of the competing claims. In order for the Court to disburse these funds, it must determine who is the rightful owner. To do so, the Court must resolve whether the Settlement Agreement is a valid and binding contract between the Plaintiffs and Defendants. Since there are genuine issues of material fact as to whether the Plaintiffs and Defendants have entered into a valid and binding Settlement Agreement, the Court by separate order is denying their respective motions for summary judgment and the issue will be resolved at trial. Accordingly, granting Defendants' motion for summary judgment would be premature.

III. Conclusion

Upon consideration, and for the reasons set forth herein, Defendants' motions for summary judgment (docs. 163, 164, 174, 175) are **DENIED AT THIS TIME**. Plaintiffs' motion

to strike Bradley Energy's motion for summary judgment as untimely filed (doc. 183) is **DENIED**, Defendants' motion to strike Plaintiffs' motion to strike (doc. 187) is **MOOT**, and Defendants' motion to strike Plaintiffs' response as untimely filed (doc. 187) is **GRANTED.**

**DONE** and **ORDERED** this 25th day of May 2017.

<u>s / Kristi K DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**